Kenneth N. Smersfelt (SBN 166764)
ksmersfelt@reedsmith.com
Amir Shlesinger (SBN 204132)
ashlesinger@reedsmith.com
Lorenzo E. Gasparetti (SBN 135976)
lgasparetti@reedsmith.com
Benjamin C. Watson (SBN 306379)
bwatson@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213.457.8000
Facsimile: 213.457.8080

Attorneys for Anthem Blue Cross Life
and Health Insurance Company, Blue Cross
of California dba Anthem Blue Cross

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALO UNLIMITED, INC., a Nevada Corporation doing business as Infant Hearing Screening Specialists,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, a California corporation, and BLUE CROSS OF CALIFORNIA DBA ANTHEM BLUE CROSS, a California corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | No.: 8:20-cv-00399-JAK (KESx)<br><br>**STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER** |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1.      PURPOSES AND LIMITATIONS

1.1     Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2     Good Cause Statement.   The parties acknowledge that information produced in discovery, regardless of its designation under this Order, may contain personal and health information subject to the protections of, *inter alia*, the Health Insurance Portability and Accountability Act of 1996, the applicable requirements of the Standards for Privacy of Individually Identifiable Health Information and its implementing regulations issued by the U.S. Department of Health and Human Services (45 C.F.R. Parts 160-64; HIPAA Privacy Regulations), and California Civil Code §§ 56 *et seq*., and 1798.82 *et seq*., which protect the confidentiality of individually-identifiable personal and health information.  Discovery may also involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

information the parties are entitled or required to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    DEFINITIONS

2.1    Action: this pending federal law suit, *Halo Unlimited, Inc. v. Anthem Blue Cross Life and Health Insurance Company, et al.*, Central District Case No. 8:20-cv-00399-JAK (KESx).

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    Confidential Materials: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information means Confidential Materials that falls within one or more of the following categories:

a.    Trade secrets information, including a formula, pattern, compilation, program, device, method, technique, process, financial data, or list of actual or potential customers or suppliers, that derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use;

b.    Highly sensitive financial, commercial, and marketing information relating to the parties' respective products and/or business activities,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

including without limitation, contracts and fee schedules with participating providers and analyses reflecting average rates of reimbursement for procedures, and information or analyses reflecting methods used to determine Maximum Reimbursable Charges or Usual and Customary Charges.

2.5 "CONFIDENTIAL" information means all other Confidential Materials that do not constitute CONFIDENTIAL - ATTORNEYS' EYES ONLY information, including but not limited to:

a. Research and development information;

b. Information prohibited from disclosure by statute;

c. Medical information concerning any individual;

d. Personal identity information;

e. Income tax returns (including attached schedules and forms, W-2 forms and 1099 forms; or

f. Personnel or employment records of a person who is not a party to the case.

2.6 "CONFIDENTIAL – PROTECTED HEALTH INFORMATION" information means all other Confidential Materials that do not constitute CONFIDENTIAL - ATTORNEYS' EYES ONLY or CONFIDENTIAL information, including but not limited to all individually identifiable health information, demographic data, medical histories, test results, insurance information, and other information used to identify a patient or provide healthcare services or coverage that is protected by, *inter alia*, the Health Insurance Portability and Accountability Act of 1996, the applicable requirements of the Standards for Privacy of Individually Identifiable Health Information and its implementing regulations issued by the U.S. Department of Health and Human Services (45 C.F.R. Parts 160-64; HIPAA Privacy Regulations), and California Civil Code §§ 56 *et seq*., and 1798.82 *et seq*.  "Protected Health Information" includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 4 –

billing statements, remittance advice forms, explanations of benefits, audit letters, checks, notices, and requests. "Protected Health Information" also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from "Protected Health Information."

2.7 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.8 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," OR "CONFIDENTIAL - PROTECTED HEALTH INFORMATION."

2.9 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.10 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.11 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.13 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.14   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.15   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.16   <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.17   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - PROTECTED HEALTH INFORMATION."

2.18   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

    5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

    5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

STIPULATED PROTECTIVE ORDER

(a)    for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," OR CONFIDENTIAL - PROTECTED HEALTH INFORMATION" (hereinafter "CONFIDENTIALITY LEGEND"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL - ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIALITY LEGEND" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    for deposition exhibits, portions of deposition testimony, or any video recording of a deposition proceeding, any Party or Non-Party may designate as Protected Material deposition exhibits or portions of deposition testimony by informing the reporter (and videographer, if applicable) during the deposition or by sending, within thirty (30) days after the reporter makes the final uncorrected deposition transcript available to all parties, a letter to all attorneys

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 8 –

of record and to the deposition reporter (and videographer, if applicable) designating the exhibits to be so restricted, designating by page and line any portions of transcript to be so restricted, or the entire transcript if applicable, and specifying the level of protection being asserted.  If all or a portion of a proceeding is videotaped, the video recording will have the same level of protection that is designated by a Party for the transcript of the proceeding.

When deposition exhibits or deposition testimony are designated Protected Material by informing the reporter during the deposition, the transcript and any exhibits containing Protected Material shall have an obvious legend on the title page indicating that the transcript and exhibits contain Protected Material.  If any portion of a videotaped proceeding is designated pursuant to this section, the videocassette, compact disc, or other video container shall be labeled with the appropriate confidentiality designation.  The Designating Party shall inform the court reporter (and videographer, if applicable) of this requirement.

During the 30-day period following first availability of the final uncorrected deposition transcript, deposition exhibits, the deposition transcript, and/or the video recording will be designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" in their entirety unless otherwise agreed. After the expiration of that period, the deposition exhibits, the deposition transcript, or the video recording shall be treated as actually designated. If no designation is made within the 30-day period, the materials shall be considered to not contain any Protected Material. Documents previously marked as "CONFIDENTIAL", "CONFIDENTIAL - PROTECTED HEALTH INFORMATION," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" that are later used as deposition exhibits, shall automatically retain those designations with no further required action by any Party.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the

other parties can ensure that only individuals who are authorized to attend and who have signed the Non-Disclosure Agreement (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL", "CONFIDENTIAL – PROTECTED HEALTH INFORMATION," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY".

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - PROTECTED HEALTH INFORMATION." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation within 5 days of discovering the inadvertent failure to designate qualified information, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Objecting to Designation:</u>  In the event that a Party, or their Counsel, receiving Confidential Materials in discovery designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - PROTECTED HEALTH INFORMATION," objects to such designation ("Challenging Party") with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Confidential Materials to which each objection pertains, and the specific reasons and support for such objections

(the "Designation Objections").  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order and such challenge shall be submitted to the Court through a joint stipulation under Local Rule 37.2.

6.2    <u>Response to Designation Objections</u>.  Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to agree in writing to de-designate Documents, Testimony, or Information pursuant to any or all of the Designation Objections before the Challenging Party may file a motion with the Court seeking to challenge any or all designations on Documents, Testimony, or Information addressed by the Designation Objections (the "Designation Motion").

6.3    <u>Meet and Confer</u>.  Prior to filing a Designation Motion, the Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of Information or Items designated "CONFIDENTIAL" or "CONFIDENTIAL – PROTECTED HEALTH INFORMATION"</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.    the court and its personnel;

e.    court reporters and their staff;

f.    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

g.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided the deposing party requests that the witness sign the "Acknowledgment and Agreement

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

to Be Bound" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

i.  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

j.  any other person that the Designating Party agrees to in writing; and

k.  any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

7.3  Disclosure of Information or Items designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY":  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may only disclose any information or item designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" to:

a.  the Court and its personnel;

b.  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

c.  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.  any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

e.  court reporters and their staff; and

f.  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

STIPULATED PROTECTIVE ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "CONFIDENTIAL – PROTECTED HEALTH INFORMATION," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," that Party must:

(a)   promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)   promptly, within five (5) days, notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "CONFIDENTIAL – PROTECTED HEALTH INFORMATION," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

STIPULATED PROTECTIVE ORDER

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "CONFIDENTIAL – PROTECTED HEALTH INFORMATION," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    make the information requested available for inspection by the Non-Party, if requested.

9.3    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party, or a person bound by Exhibit A hereto, learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party, or the person bound by Exhibit A hereto, must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

STIPULATED PROTECTIVE ORDER

Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, must be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

12.4  <u>Use of Protected Material at Trial:</u>  The Parties shall meet and confer regarding the procedures for use of Protected Materials at trial and shall move the Court for entry of an appropriate order.  The use of designated materials at trial shall be governed by the orders of the trial judge.

12.5  <u>Counsel bound by Protective Order</u>:  Counsel agree to be bound by the terms set forth herein with regard to any Protective Materials that have been produced before the Court signs this Stipulation and Protective Order.

12.6  <u>New Parties</u>:  Any new party to the Action who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its Counsel's signing and dating a copy of Exhibit A attached hereto, and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

STIPULATED PROTECTIVE ORDER

13. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  If the Protected Material is destroyed, upon request, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.  Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED.**

DATED: March 21, 2022                    REED SMITH LLP


By: ____/s/  Benjamin C. Watson_____
      Kenneth N. Smersfelt
      Amir Shlesinger
      Benjamin C. Watson
      Attorneys for Anthem Blue Cross Life and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Health Insurance Company, Blue Cross of
California dba Anthem Blue Cross, and
Anthem, Inc

DATED: March 21, 2022          GARNER HEALTH LAW CORPORATION


By:   /s/  Craig B. Garner
        Craig B. Garner
        Attorney for HALO UNLIMITED, INC., a
        Nevada corporation, doing business as
        Infant Hearing Screening Specialists

DATED: March 21, 2022          SQUIRES SHERMAN AND BIOTEAU LLP


By:   /s/  Rochelle J. Bointeau
        Rochelle J. Bioteau
        Attorney for HALO UNLIMITED, INC., a
        Nevada corporation, doing business as
        Infant Hearing Screening Specialists


## FILER'S ATTESTATION

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), I hereby attest that the other signatories
listed, on whose behalf the filing is submitted, concur in this filing's content and have
authorized the filing.


Dated: March 21, 2022          By:  /s/ Benjamin Watson
                                         Benjamin Watson

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Halo Unlimited, Inc. v. Anthem Blue Cross Life and Health Insurance Company, et al.*, Central District Case No. 8:20-cv-000399-JAK (KESx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated  Protective  Order:  _____

[print  or  type  full  name]  at  _____

[print or type full address and telephone number].


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 20 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

7
8
9

10  HALO UNLIMITED, INC., a Nevada
Corporation doing business as Infant
11  Hearing Screening Specialists,

12          Plaintiff,

13  vs.

14

15  ANTHEM BLUE CROSS LIFE AND
HEALTH INSURANCE COMPANY, a
16  California corporation; BLUE CROSS OF
CALIFORNIA DBA ANTHEM BLUE
17  CROSS, a California corporation;
ANTHEM, INC, an Indiana Corporation;
18  and DOES 1 through 40, inclusive,

19
          Defendants.
20

No.: 8:20-cv-00399-JAK (KESx)

~~[PROPOSED]~~ **ORDER APPROVING
STIPULATED PROTECTIVE ORDER**

21

22      **GOOD CAUSE APPEARING**, the Parties' Stipulated Protective Order is

23  hereby approved.

24

25      **IT IS SO ORDERED.**

26

27  Dated:____March 22, 2022_____        _Karen E. Scott_____

28                                            Honorable Karen E. Scott

– 21 –

STIPULATED PROTECTIVE ORDER