Amir Shlesinger (SBN 204132)
ashlesinger@reedsmith.com
Lorenzo E. Gasparetti (SBN 135976)
lgasparetti@reedsmith.com
Benjamin C. Watson (SBN 306379)
bwatson@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213.457.8000
Facsimile: 213.457.8080

Attorneys for Defendants and
Counterclaim Plaintiffs

REED SMITH LLP

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALO UNLIMITED, INC., a Nevada Corporation doing business as Infant Hearing Screening Specialists, <br><br> Plaintiff, <br><br> v. <br><br> ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, a California corporation; BLUE CROSS OF CALIFORNIA DBA ANTHEM BLUE CROSS, a California corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 8:20-cv-000399-JAK (KESx) <br><br> **COUNTERCLAIM PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT** <br><br> Date:        March 17, 2025 <br> Time:        8:30 a.m. <br> Courtroom: 10C – Hon. John A. Kronstadt <br><br> Counterclaim Filed:   Nov. 18, 2024 |
| ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, a California corporation; BLUE CROSS OF CALIFORNIA DBA ANTHEM BLUE CROSS, a California corporation, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> HALO UNLIMITED, INC., a Nevada Corporation doing business as Infant Hearing Screening Specialists, and ROES 1 through 10, inclusive <br><br> Counterclaim Defendant. | [Concurrently filed with Notice of Motion, Declaration of Counsel, and Declaration of Carl Reinhardt] |

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................ 1

II.   BACKGROUND .......................................................................................... 1

III.  ARGUMENT................................................................................................ 2

    A.    Anthem Has Satisfied The Procedural Requirements For Entry Of
Default Judgment ................................................................................. 2

    B.    Anthem Has Satisfied The Substantive Requirements For Entry Of
Default Judgment (the *Eitel* Factors) ................................................ 3

        1.    Anthem Will Suffer Prejudice If Default Judgment Is Not
Entered ..................................................................................... 3

        2.    Anthem Plausibly Alleged Claims Upon Which It May
Recover .................................................................................... 3

        3.    The Sum Of Money Anthem Seeks Is The Amount
Anthem Paid To IHSS For The Fraudulent Claims At
Issue ...................................................................................... 10

        4.    There Is No Dispute As To Any Material Facts Now That
The Deputy Clerk Has Entered Default Against IHSS ................. 10

        5.    IHSS's Default Was Not Due To Excusable Neglect
Because Anthem Provided IHSS With Ample Notice .................. 11

        6.    Public Policy Weighs In Favor Of Default Because IHSS
Has Refused To Engage With The Counterclaim On Its
Merits .................................................................................... 11

    C.    The Legal Standards For The Remedies Sought And Application To
Counts I-VII ...................................................................................... 12

        1.    Compensatory Damages ........................................................ 12

        2.    Restitution ............................................................................. 13

        3.    Equitable Relief For ERISA Claims........................................ 13

        4.    Attorney's Fees ..................................................................... 15

        5.    Prejudgment Interest .............................................................. 15

        6.    Post-Judgement Interest ......................................................... 17

IV.   CONCLUSION .......................................................................................... 17

- i -

REED SMITH LLP

# TABLE OF AUTHORITIES

**Cases**                                                                          **Page(s)**

*Aetna Life Ins. Co. v. Young*,
    No. 2:23-cv-09654-MCS-JPR, 2024 U.S. Dist. LEXIS 231373 (C.D.
    Cal. Sep. 25, 2024) ............................................................................. 14

*Aldabe v. Aldabe*,
    616 F.2d 1089 (9th Cir. 1980) ............................................................. 3

*All. Mortg. Co. v. Rothwell*,
    10 Cal. 4th 1226, 44 Cal. Rptr. 2d 352, 900 P.2d 601 (1995) ............ 12

*Amorepacific Corp. v. Mall*,
    No. 2:23-cv-08749-RGK-BFM, 2024 U.S. Dist. LEXIS 6980 (C.D.
    Cal. Jan. 12, 2024) .............................................................................. 7

*Astiana v. Hain Celestial Grp., Inc.*,
    783 F.3d 753 (9th Cir. 2015) .............................................................. 8

*BladeRoom Grp. Ltd. v. Emerson Elec. Co.*,
    20 F.4th 1231 (9th Cir. 2021) ............................................................. 15

*Blankenship v. Liberty Life Assurance Co.*,
    486 F.3d 620 (9th Cir. 2007) .............................................................. 16

*Chassin Holdings Corp. v. Formula VC Ltd.*,
    No. 15-cv-02294-EMC, 2017 U.S. Dist. LEXIS 2315 (N.D. Cal. Jan.
    6, 2017) ............................................................................................... 15

*Craigslist, Inc. v. Naturemarket, Inc.*,
    694 F.Supp.2d 1039 (N.D. Cal. 2010) ................................................ 11

*Eitel v. McCool*,
    782 F.2d 1470 (9th Cir. 1986) .............................................. 2, 3, 10, 11

*Emple. Painters' Tr. v. Asencio*,
    No. C20-549RSM, 2021 U.S. Dist. LEXIS 12501 (W.D. Wash. Jan.
    22, 2021) ............................................................................................. 13

REED SMITH LLP

- i -

COUNTERCLAIM PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

REED SMITH LLP

*FedEx Corporative Servs. v. Dose of Roses, Inc.*,
    No. LA CV 2:23-06391 JAK, 2024 U.S. Dist. LEXIS 18996 (C.D.
    Cal. Jan. 30, 2024) ..................................................................................3, 4, 10

*Great-West Life & Annuity Ins. Co. v. Knudson*,
    534 U.S. 204, 122 S. Ct. 708 (2002) ................................................................14

*Haw. Carpenters Tr. Funds v. Dimaya*,
    No. 12-00674 LEK-RLP, 2013 U.S. Dist. LEXIS 97787, at *9 (D.
    Haw. June 24, 2013) ...........................................................................................9

*Ixchel Pharma, LLC v. Biogen, Inc.*,
    930 F.3d 1031 (9th Cir. 2019) ...........................................................................7

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134, 131 Cal. Rptr. 2d 29, 63 P.3d 937 (2003)............................13

*Landstar Ranger, Inc. v. Parth Enters.*,
    725 F. Supp. 2d 916 (C.D. Cal. 2010) ..............................................................17

*Landwehr v. Dupree*,
    72 F.3d 726 (9th Cir. 1995) ..............................................................................16

*Li Mei Chen v. Urban Commons 6th Ave Seattle, Ltd. Liab. Co.*,
    No. 2:21-cv-08866-JLS-DFM, 2023 U.S. Dist. LEXIS 73142 (C.D.
    Cal. Apr. 18, 2023) .............................................................................................6

*Liu Hongwei v. Velocity V Ltd. P'ship*,
    No. 2:15-cv-05061-ODW-E, 2018 U.S. Dist. LEXIS 115636 (C.D.
    Cal. July 11, 2018) ..............................................................................................5

*Nw. Adm'rs., Inc. v. Cutter*,
    2008 U.S. Dist. LEXIS 5123, 2008 WL 217731 (W.D. Wash. Jan 24,
    2008) ...................................................................................................................9

*Penske Truck Leasing Co., L.P. v. I-10 Towing & Recovery, Inc.*,
    No. EDCV 18-2547 JGB (SPx), 2019 U.S. Dist. LEXIS 38787, at *6
    (C.D. Cal. Mar. 11, 2019) ...................................................................................8

*PepsiCo, Inc. v. Cal. Sec. Cans*,
    238 F. Supp. 2d 1172 (C.D. Cal. 2002) ..................................................3, 10, 11

COUNTERCLAIM PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

REED SMITH LLP

*Sole Energy Co. v. Petrominerals Corp.*,
   128 Cal. App. 4th 212, 26 Cal. Rptr. 3d 798 (2005) .......................................... 13

*State Farm Mut. Auto. Ins. Co. v. Rodriguez (In re Rodriguez)*,
   568 B.R. 328 (Bankr. S.D. Cal. 2017) .................................................................. 16

*Sutra Beauty, Inc. v. Duran*,
   No. 2:18-cv-03768-ODW(SSx), 2019 U.S. Dist. LEXIS 25306 (C.D.
   Cal. Feb. 15, 2019) .............................................................................................. 4

*In re Unitedhealthcare*,
   No. SACV 19-2075 JVS (DFMx), 2023 U.S. Dist. LEXIS 62672, at
   *76 (C.D. Cal. Jan. 13, 2023) .......................................................................... 14

*Van Gerwen v. Guarantee Mut. Life Co.*,
   214 F.3d 1041 (9th Cir. 2000) .......................................................................... 15

*Vanguard Logistics Servs. United States, Inc. v. Robinson*,
   No. LA CV20-09880 JAK (PVCx), 2023 U.S. Dist. LEXIS 215437, at
   *19 (C.D. Cal. Nov. 9, 2023) ............................................................................ 9

*Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.*,
   178 F. Supp. 2d 1099 (C.D. Cal. 2001) .............................................................. 6

**Statutes**

50 U.S.C. § 3902 ........................................................................................................ 2

18 U.S.C. § 1347 ........................................................................................................ 6

28 U.S.C. § 1961 .................................................................................................. 16, 17

28 U.S.C. § 1961(a) .................................................................................................. 17

29 U.S.C. § 1132(g)(1) .............................................................................................. 15

50 U.S.C. App. § 521 ................................................................................................. 2

Cal. Bus. & Prof. Code § 810 .................................................................................... 6

Cal. Bus. & Prof. Code § 17200 et seq. ............................................................ 1, 6, 18

Cal. Bus. & Prof. Code § 17203 ............................................................................... 13

COUNTERCLAIM PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

Cal. Civ. Code § 3288 ................................................................................................ 15

Cal. Civ. Code § 3333 ................................................................................................ 12

Cal. Civ. Code § 3336 ......................................................................................... 13, 15

Cal. Pen. Code § 532 ................................................................................................... 6

Cal. Pen. Code § 550 ................................................................................................... 6

**Rules**

Fed. R. Civ. P. 9(b) ................................................................................................ 4, 5

Fed. R. Civ. P. 54(d)(1) ............................................................................................ 17

Fed. R. Civ. P. 55(b)(2) .............................................................................................. 2

REED SMITH LLP

COUNTERCLAIM PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

REED SMITH LLP

## I.    **INTRODUCTION**

Counterclaim Plaintiffs Anthem Blue Cross Life and Health Insurance Company and Blue Cross of California dba Anthem Blue Cross, (collectively "Anthem") seek to recover millions of dollars that Counterclaim Defendant Halo Unlimited, Inc., dba Infant Hearing Screening Specialists ("IHSS") obtained from Anthem by submitting fraudulent medical claims.

Despite proper service, IHSS has refused to respond to Anthem's Counterclaim. The Court has now entered default on IHSS's behalf.    Anthem has satisfied all procedural and substantive requirements for a default judgment and, accordingly, has done all it can do to obtain a judicial determination regarding this dispute.    Anthem requests that the Court enter default judgment on its claims for fraudulent misrepresentation (Count I), negligent misrepresentation (Count II), business acts or practices in violation of Cal. Bus.& Prof. Code § 17200 et seq. ("UCL") (Count III), tortious interference with contract (Count IV), conversion (Count V), common law unjust enrichment (Count VI), and restitution under ERISA § 502(A)(3) (Count VII). Anthem further requests that the Court award compensatory damages, equitable relief, attorney's fees, prejudgment interest, and post-judgement interest.

## II.    **BACKGROUND**

Anthem incorporates by reference here the facts alleged in its counterclaim filed on November 18, 2024, via the CM/ECF System.    *See* Declaration of Benjamin C. Watson ("Watson Decl.") ¶ 3; *see also* ECF No. 193 (Counterclaim).    Anthem completed service of process for its Counterclaim the same day through a notice of electronic filing automatically generated by the CM/ECF System.    *See* ECF No. 197 (proof of service and notice of electronic filing for Counterclaim).

The Clerk of Court entered default against IHSS on January 29, 2025.  ECF No. 199.  As of the date of this filing, IHSS still has not responded in any fashion to the

-1-

COUNTERCLAIM PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

Counterclaim.  Watson Decl. ¶ 4.  Moreover, counsel for IHSS has not responded to Anthem's email correspondence regarding this motion.  *Id.* ¶ 5, Ex. A.

### III.   <u>ARGUMENT</u>

**A.    Anthem Has Satisfied The Procedural Requirements For Entry Of Default Judgment**

Under Local Rule 55-1, motions for entry of default judgment must state "(a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2)."

The Deputy Clerk entered default against IHSS on January 29, 2025 as to Anthem's Counterclaim.  *See* ECF No. 199.  IHSS is a corporation and, accordingly, is neither an infant nor incompetent person and is not subject to the Servicemembers Civil Relief Act, which affords protections to servicemembers of the United States.  *See* 50 U.S.C. § 3902 (applies to servicemembers); *see also* ECF No. 166 (Second Amended Complaint) at ¶ 1 ("Plaintiff is a corporation").  By filing this motion, Anthem provides notice to IHSS in compliance with F.R.Civ.P. 55(b)(2) through the notice of electronic filing automatically generated by the CM/ECF System, which Anthem will supplement after filing with an email to counsel.[1]

---

[1] Pursuant to United States District Court Central District of California Local Civil Rules Section 5-3.2.1, subject to exceptions inapplicable here, "service with this electronic [Notice of Electronic Filing] will constitute service pursuant to the Federal Rules of Civil and Criminal Procedure, and the NEF itself will constitute proof of service for individuals so served."

-2-

REED SMITH LLP

**B.      Anthem Has Satisfied The Substantive Requirements For Entry Of Default Judgment (the *Eitel* Factors)**

Once the foregoing procedural requirements are satisfied, the "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising that discretion, the Ninth Circuit has held that district courts should consider seven factors ("the *Eitel* factors"): "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**1.      *Anthem Will Suffer Prejudice If Default Judgment Is Not Entered***

The first *Eitel* factor considers whether Anthem would "suffer prejudice if default judgment is not entered", and such potential prejudice "favors granting a default judgment." *PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  "A plaintiff will be prejudiced if, absent the entry of a judgment, that plaintiff will be left without a remedy." *FedEx Corporative Servs. v. Dose of Roses, Inc.*, No. LA CV 2:23-06391 JAK (RAOx), 2024 U.S. Dist. LEXIS 18996, at *5 (C.D. Cal. Jan. 30, 2024).

Here, IHSS has obtained millions of dollars from Anthem through false pretenses and now refuses to participate in this litigation.  Counterclaim, ¶ 1.  Without an entry of default judgment IHSS will retain its illicit gains and Anthem will be left without a remedy.

**2.      *Anthem Plausibly Alleged Claims Upon Which It May Recover***

REED SMITH LLP

-3-

The second and third *Eitel* factors assess the substantive merits of Anthem's claims and the sufficiency of the pleadings. These factors "require that a [movant] state a claim on which [it] may recover." *PepsiCo,* 238 F. Supp. 2d at 1175 (internal quotation marks omitted). "Courts frequently analyze these factors together" and "if the complaint is sufficient, a plaintiff's substantive claim has merit for purposes of a default judgment." *FedEx Corporative Servs.*, 2024 U.S. Dist. LEXIS 18996, at *6. Here, Anthem requests that the Court enter default judgment on Counts I-VII of the Counterclaim.

a.    Count I:  Fraudulent Misrepresentation

The elements of a fraudulent misrepresentation claim are: "'(1) misrepresentation (false representation, concealment, or non-disclosure); (2) knowledge of falsity (or 'scienter'); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.'" *Sutra Beauty, Inc. v. Duran*, No. 2:18-cv-03768-ODW(SSx), 2019 U.S. Dist. LEXIS 25306, at *12 (C.D. Cal. Feb. 15, 2019) (quoting *Bank of the W. v. Valley Nat'l Bank of Ariz.*, 41 F.3d 471, 477 (9th Cir. 1994)). Pursuant to Federal Rule of Civil Procedure 9(b), "an allegation of 'fraud or mistake must state with particularity the circumstances constituting fraud.'" *Id.* (quoting *Petersen v. Allstate Indem. Co.*, 281 F.R.D. 413, 415-16 (C.D. Cal. 2012)).

Anthem met the first and second elements, misrepresentation and knowledge, by alleging, among other things, that "IHSS knew that it had performed these screenings within a hospital facility during an inpatient admission" but falsely indicated on medical claims it performed that these screenings "in a 'Mobile Unit', an 'Office', or on an outpatient basis." Counterclaim, ¶ 69. Anthem met the third and fourth elements, intent and reliance, by alleging that "IHSS knew that health plans and insurers such as Anthem rely on the accuracy of the information that providers include on medical claim forms and intended to induce Anthem to rely on the accuracy of the information" contained on their medical claim forms. *Id.*, ¶¶ 67-9. "Anthem did not know that IHSS's

-4-

representations were false and reasonably and justifiably relied upon them." *Id*., ¶ 72. Anthem met the fifth element, resulting damages, by alleging that Anthem reimbursed IHSS millions of dollars based on IHSS's misrepresentations, to which IHSS was not entitled and would not have received but for its fraudulent submissions. *Id*., ¶ 73. Further Anthem pled with particularity several detailed examples of medical claims IHSS submitted for services provided to Anthem members. *Id*., ¶ 62.

b.    <u>Count II:  Negligent Misrepresentation</u>

"In order to state a claim for negligent misrepresentation, a plaintiff must plead: (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Liu Hongwei v. Velocity V Ltd. P'ship*, No. 2:15-cv-05061-ODW-E, 2018 U.S. Dist. LEXIS 115636, at *19 (C.D. Cal. July 11, 2018).

Anthem met the first and second elements, misrepresentation and the lack of reasonable grounds for believing in the veracity of the claims, by alleging, among other things, that despite "IHSS's superior knowledge of the facts underlying the services it provides, including the location in which it provides those services", it submitted thousands of medical claims to Anthem in which it inaccurately identified the location where it performed those services.  Counterclaim ¶¶ 76-7.  Anthem met the third and fourth elements, intent and reliance, by alleging that IHSS understood that Anthem relied on the accuracy of the information provided in its claims and that IHSS's misrepresentations were material because Anthem relied on them when determining whether and how it would pay IHSS's claims.  *Id*., ¶¶ 78-81.  Anthem met the fifth element, resulting damage, by alleging that IHSS's misrepresentations resulted in millions of dollars of payments from Anthem, which Anthem would not have paid but for the misrepresentations.  *Id*., ¶ 82.

REED SMITH LLP

COUNTERCLAIM PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

1    c.    <u>Count III:  Business Acts Or Practices In Violation Of Cal.</u>

2    <u>Bus. & Prof. Code § 17200, Et Seq.</u>

3    "'[The Unfair Competition Law] provides a private cause of action for any

4  unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or

5  misleading advertising.'"  *Li Mei Chen v. Urban Commons 6th Ave Seattle, Ltd. Liab.*

6  *Co*., No. 2:21-cv-08866-JLS-DFM, 2023 U.S. Dist. LEXIS 73142, at *27 (C.D. Cal.

7  Apr. 18, 2023) (quoting *Local TV, LLC v. Super. Ct*., 3 Cal. App. 5th 1, 13, 206 Cal.

8  Rptr. 3d 884 (2016) (cleaned up)).  The "unlawful practices prohibited by section 17200

9  are any practices forbidden by law, be it civil or criminal, federal, state, or municipal,

10  statutory, regulatory, or court-made." *Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc*.,

11  178 F. Supp. 2d 1099, 1120 (C.D. Cal. 2001) (citations and quotes omitted).

12    Anthem met the elements of a UCL claim by alleging that IHSS engaged in

13  unlawful, unfair, and fraudulent business practices and by including exhibits of

14  evidence to demonstrate these practices.  Counterclaim ¶¶ 83-8.  IHSS engaged in

15  unlawful practices because the Federal Health Care Fraud Statute, as set forth in 18

16  U.S.C. Section 1347, prohibits IHSS from executing or attempting to execute a scheme

17  to defraud a health care benefit program, whether or not it is a federal program. *Id*., ¶

18  87.  Further, the California Business & Professional Code Section 810 and California

19  Penal Code §§ 532 and 550 prohibit IHSS from knowingly submitting false or

20  fraudulent insurance claims for health care benefits or the preparation of any documents

21  or presenting any statement to support such claims. *Id*.  Despite these laws, and as

22  discussed *supra*, IHSS misrepresented information in medical claims it submitted to

23  Anthem by submitting thousands of medical claims to Anthem in which IHSS

24  knowingly and willfully misstated the location of the newborn hearing screenings that

25  it provided to Anthem members. *Id*., ¶ 84.  Indeed, "IHSS's motive" for its fraudulent

26  and unfair practices "was to trick Anthem into allowing payment to IHSS for medical

27  services for which IHSS was not entitled to payment." *Id*., ¶ 86.  "As a result of IHSS's

28

REED SMITH LLP

1  unlawful, unfair and fraudulent practices, Anthem allowed payment on IHSS's medical

2  claims." *Id.*, ¶ 88.

3        d.    Count IV:  Tortious Interference With Contract

4        "[T]o prevail on a cause of action for intentional interference with contractual

5  relations, a plaintiff must plead and prove '(1) a valid contract between plaintiff and a

6  third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts

7  designed to induce a breach or disruption of the contractual relationship; (4) actual

8  breach or disruption of the contractual relationship; and (5) resulting damage.'" *Ixchel*

9  *Pharma, LLC v. Biogen, Inc.*, 930 F.3d 1031, 1037 (9th Cir. 2019) (quoting *Pac. Gas*

10 *& Elec. Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990)).  "To satisfy the fourth

11 element, the plaintiff may allege an 'actual or inevitable breach of contract' or

12 'interference with plaintiff's performance . . . if plaintiff's performance is made more

13 costly or more burdensome.'" *Amorepacific Corp. v. Mall*, No. 2:23-cv-08749-RGK-

14 BFM, 2024 U.S. Dist. LEXIS 6980, at *2 (C.D. Cal. Jan. 12, 2024) (quoting *Pac. Gas*

15 *& Elec. Co.*, 50 Cal. 3d at 1129).

16       Anthem met the first and second elements, knowledge of a valid contract with a

17 third party, by alleging that IHSS knew Anthem entered into valid and enforceable

18 contracts with a network of hospital facilities and that IHSS knew these contracts

19 "provided for payment of a Maternity Rate to hospitals for birth admission services that

20 includes the newborn hearing screening IHSS provides."   Counterclaim, ¶¶ 90-1.

21 Anthem met the third element, intent to disrupt the contract, by alleging that IHSS

22 knowingly and willfully misrepresented the location in which it provided its services in

23 order to induce Anthem into allowing payment for its services that contravened

24 Anthem's payment policies and the hospital contracts. *Id.*, ¶ 92.  Anthem met the fourth

25 and fifth elements, actual disruption and damages, by alleging, among other things, that

26 IHSS's fraudulent billing practices caused Anthem to make duplicate separate payments

27 to IHSS for hearing screenings for which Anthem had already paid the hospitals in

28

REED SMITH LLP

-7-

1  which IHSS provided its services, pursuant to Anthem's contracts with those hospitals,

2  thereby undermining Anthem's efforts to provide the most efficient and cost-effective

3  care to its members. *Id.*, ¶¶ 93-4.

4                  e.    <u>Count V:  Conversion</u>

5        "The elements of the claim are (1) the plaintiff's ownership or right to possession

6  of the property at the time of the conversion; (2) the defendant's conversion by a

7  wrongful act; and (3) damages." *Penske Truck Leasing Co., L.P. v. I-10 Towing &*

8  *Recovery, Inc.*, No. EDCV 18-2547 JGB (SPx), 2019 U.S. Dist. LEXIS 38787, at \*6

9  (C.D. Cal. Mar. 11, 2019) (citing *Plummer v. Day/Eisenberg, LLP*, 184 Cal. App. 4th

10  38, 45, 108 Cal. Rptr. 3d 455 (2010)).  "To prove conversion, a plaintiff need not 'be

11  the absolute owner of the property converted but . . . must show that she was entitled to

12  immediate possession at the time of conversion.'" *Id.* at \*7 (quoting *Messerall v.*

13  *Fulwider*, 199 Cal. App. 3d 1324, 1329, 245 Cal. Rptr. 548 (1988)).

14        Anthem met the first element, ownership or possession, by alleging that at the

15  time of the conversion the money used to pay IHSS's fraudulent claims came either

16  from Anthem's own assets or from the assets of self-funded employers on whose behalf

17  Anthem was authorized to allow payment.  Counterclaim, ¶ 97.  Anthem met the second

18  element, conversion by wrongful act, by alleging, as discussed *supra*, that IHSS

19  submitted fraudulent medical claims through which it sought and obtained millions of

20  dollars in payments from Anthem to which IHSS was not entitled.  *Id.* ¶ 98.  Anthem

21  met the third element, damages, by alleging that IHSS's acts damaged Anthem in the

22  amount that Anthem allowed as payment to IHSS on account of these fraudulent claims.

23  *Id.* ¶ 99.

24                  f.    <u>Count VI:  Common Law Unjust Enrichment</u>

25        "When a plaintiff alleges unjust enrichment, a court may 'construe the action as

26  a quasi-contract claim seeking restitution.'" *Astiana v. Hain Celestial Grp., Inc.*, 783

27  F.3d 753, 762 (9th Cir. 2015) (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223

28

COUNTERCLAIM PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

REED SMITH LLP

Cal. App. 4th 221, 166 Cal. Rptr. 3d 864, 872 (Ct. App. 2014)). "To state a claim for restitution, a plaintiff must show that (1) the defendant received a benefit from the plaintiff, and (2) it would be unjust for the defendant to retain that benefit." *Vanguard Logistics Servs. United States, Inc. v. Robinson*, No. LA CV20-09880 JAK (PVCx), 2023 U.S. Dist. LEXIS 215437, at *19 (C.D. Cal. Nov. 9, 2023).

Here, Anthem has alleged that "IHSS is an 'out-of-network' provider for Anthem members, which means that unlike the hospitals in which it provides services, IHSS has no contract with Anthem." Counterclaim ¶ 4. Anthem met the first element, benefit from Anthem, by alleging that Anthem allowed millions of dollars of payments to IHSS. *Id*., ¶ 103. Anthem met the second element, unjust retention, by alleging that Anthem would not have reimbursed IHSS millions of dollars of payments for these claims if IHSS had accurately represented the location of the screenings it provided, and that "IHSS obtained this benefit at Anthem's expense." *Id*.

### g. Count VII: Restitution Under ERISA § 502(A)(3)

"Equitable restitution under 'ERISA is available where the defendant 'actively and deliberately' misleads the plaintiff to the plaintiff's detriment.'" *Haw. Carpenters Tr. Funds v. Dimaya*, No. 12-00674 LEK-RLP, 2013 U.S. Dist. LEXIS 97787, at *9 (D. Haw. June 24, 2013) (quoting *Northwest Adm'rs, Inc. v. Cutter*, 328 Fed. Appx. 577, 578 (9th Cir. 2009)). The "Ninth Circuit has recognized the remedy of restitution under ERISA § 502(a)(3) in situations involving 'ill-gotten gains,' such as 'money obtained through fraud or wrongdoing.'" *Nw. Adm'rs., Inc. v. Cutter*, 2008 U.S. Dist. LEXIS 5123, 2008 WL 217731, at *5 (W.D. Wash. Jan 24, 2008) (quoting *Cement Masons Health and Welfare Trust Fund for Northern Cali. v. Stone*, 197 F.3d 1003, 1006-07 (9th Cir. 1999)).

Anthem has pled the substantive elements of equitable restitution as to ERISA-governed medical claims by alleging, among other things, that IHSS actively and deliberately misrepresented the location in which it provided newborn hearings

REED SMITH LLP

COUNTERCLAIM PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

screenings to Anthem on thousands of claims in order to induce Anthem into allowing payment to IHSS.  Counterclaim, ¶ 109.  "As a result of IHSS's wrongful acts, Anthem paid out benefits to IHSS that were neither due nor appropriate under the terms of the ERISA Plans." *Id*., ¶ 110.

### 3.    The Sum Of Money Anthem Seeks Is The Amount Anthem Paid To IHSS For The Fraudulent Claims At Issue

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  *PepsiCo,* 238 F.Supp.2d at 1176.  "[W]here the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *FedEx Corporative Servs.*, 2024 U.S. Dist. LEXIS 18996, at *8.

As discussed in more detail *infra*, Section C, Anthem seeks compensatory damages, equitable relief, and restitution for all amounts Anthem paid to IHSS because of its fraudulent medical coding, plus pre and post-judgment interest, attorney's fees, and costs.  The amount of money at stake is equal to the amount IHSS obtained from Anthem by submitting the fraudulent medical claims at issue, plus the cost Anthem incurred to hold IHSS accountable through this action.  This amount is commensurate with the seriousness of IHSS's conduct and is the minimum amount of damages necessary to make Anthem whole.[2]

Accordingly, the fourth *Eitel* factor favors entry of default judgment.

### 4.    There Is No Dispute As To Any Material Facts Now That The Deputy Clerk Has Entered Default Against IHSS

---

[2] In an effort to efficiently and expeditiously resolve this dispute, Anthem is not seeking to recover through this Motion the punitive damages requested in the Counterclaim. Should this case proceed without entry of default judgment, Anthem intends to pursue and does not waive its request for punitive damages.

-10-

REED SMITH LLP

"The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case.  Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages."  *PepsiCo,* 238 F.Supp.2d at 1177.  Here, the Deputy Clerk entered default against IHSS on January 29, 2025, as to Anthem's Counterclaim.  *See* ECF No. 199.  Accordingly, there is no dispute concerning the material facts in Anthem's Counterclaim, which "are taken as true, except those related to damages."  *PepsiCo*, 238 F.Supp.2d at 1117.  This factor favors entry of default judgment.

### 5.    *IHSS's Default Was Not Due To Excusable Neglect Because Anthem Provided IHSS With Ample Notice*

"The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect."  *PepsiCo,* 238 F.Supp.2d at 1177.  Here, Anthem properly served IHSS with the Counterclaim, request for entry of default, and will properly serve this Motion.  *See* Watson Decl. ¶ 3; *see also* ECF No. 198 (request for entry of default).  In addition, Anthem corresponded with IHSS's counsel regarding this motion.  *See* Watson Decl. ¶ 5, Ex. A.  Thus, IHSS has had ample notice of Anthem's intent to pursue a default judgment against it.  Accordingly, there is no indication that IHSS's default resulted from excusable neglect.

### 6.    *Public Policy Weighs In Favor Of Default Because IHSS Has Refused To Engage With The Counterclaim On Its Merits*

The final *Eitel* factor considers the policy preference of deciding claims on their merits.  Yet, IHSS's conduct in this litigation and its refusal to engage makes a decision on the merits impossible.  *See PepsiCo,* 238 F.Supp.2d at 1177 ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible").  Further, district courts have concluded with regularity that this policy, standing alone, is not dispositive of whether default judgment is warranted, and where a defendant fails to appear or defend itself in an action can even weigh in favor of default

REED SMITH LLP

judgment.  *See Craigslist, Inc. v. Naturemarket, Inc.*, 694 F.Supp.2d 1039, 1061 (N.D. Cal. 2010) ("As Defendants have failed to appear or respond in this matter a decision on the merits is impossible.  Therefore, this factor favors entry of default judgment."). Accordingly, IHSS's failure to respond or defend itself against the Counterclaim weighs in favor of entering default judgment.

**C.    The Legal Standards For The Remedies Sought And Application To Counts I-VII**

**1.    *Compensatory Damages***

Anthem is entitled to compensatory damages for Counts I-II and IV-V.[3]  For Anthem's Count I, fraudulent misrepresentation, "[t]here are two measures of damages for fraud: out of pocket and benefit of the bargain."  *All. Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1240, 44 Cal. Rptr. 2d 352, 360, 900 P.2d 601, 609 (1995).  Similarly, for Count II, negligent misrepresentation, "a plaintiff is only entitled to its actual or 'out-of-pocket' losses suffered because of fiduciary's negligent misrepresentation under section 3333."  *All. Mortg. Co.*, 10 Cal. 4th at 1249-50.  Cal. Civ. Code § 3333 provides that the measure of damages for the breach of an obligation not arising from contract is "the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."  Cal. Civ. Code § 3333.  Anthem seeks its out-of-pocket damages, the measure of which "is directed to restoring the [Anthem] to the financial position enjoyed by [it] prior to the fraudulent transaction," calculated as "the difference in actual value at the time of the transaction between what [Anthem] gave and what [Anthem] received."  *All. Mortg. Co.*, 10 Cal. 4th at 1240.  (quotations omitted).  By this measure, Anthem seeks $3,200,893.12 in out-of-pocket damages, which is the amount it paid to IHSS for the fraudulent medical claims it submitted to Anthem, with interest discussed *infra*.  *See* Declaration of Reinhardt ("Reinhardt

---

[3] Anthem is seeking compensatory damages and restitution as alternative and equal bases of recovery for all non-ERISA claims.

-12-

REED SMITH LLP

Decl.") ¶ 7.

For Count IV, tortious interference with contract, the "measure of damages for intentional interference with contractual relations or prospective economic advantage is 'an amount that will reasonably compensate plaintiff for all loss or harm, providing that you find it was [or will be] suffered by plaintiff and caused by the defendant's conduct.'" *Sole Energy Co. v. Petrominerals Corp.*, 128 Cal. App. 4th 212, 232, 26 Cal. Rptr. 3d 798, 813 (2005).  Here, Anthem seeks damages incurred as a result of IHSS's intentional interference with these contracts equal to the amount of overuse of health plan benefits resulting from IHSS's actions, which is the amount Anthem paid to IHSS for its fraudulent billing, $3,200,893.12.  *See* Reinhardt Decl. ¶ 7.

### 2. Restitution

For Count III, violation of the UCL, Anthem seeks restitution compelling IHSS to "return money obtained through an unfair business practice to" Anthem, the entity "from whom the money was taken[.]" *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144-45, 131 Cal. Rptr. 2d 29, 38, 63 P.3d 937, 944 (2003) (quotations omitted); Cal. Bus. & Prof. Code § 17203.  Here, Anthem seeks to recover $3,200,893.12, which represents the money that IHSS obtained from Anthem pursuant to its fraudulent claims practices and in which Anthem has rightfully retained an ownership interest.  *See* Reinhardt Decl. ¶ 7.

For Count V, conversion, "[t]he detriment caused by the wrongful conversion of personal property is presumed to be … the value of the property at the time of the conversion, with the interest from that time[.]"  Cal. Civ. Code § 3336.  Here, the value of Anthem's funds IHSS converted to its own use by obtaining payments on medical claims to which it was not entitled is $3,200,893.12.  *See* Reinhardt Decl. ¶ 7.  Anthem seeks restitution of those funds and also seeks interest, as discussed *infra*.

### 3. Equitable Relief For ERISA Claims

For Count VII, Anthem likewise seeks restitution of funds IHSS obtained through

-13-

REED SMITH LLP

its improper billing practices for each medical claim submitted on behalf of a member of an ERISA-governed health plan. Counterclaim, ¶¶ 105-12. The "Ninth Circuit has recognized the remedy of restitution under Section 1132(a)(3) in situations involving 'ill-gotten gains,' such as 'money obtained through fraud or wrongdoing.'" *Emple. Painters' Tr. v. Asencio*, No. C20-549RSM, 2021 U.S. Dist. LEXIS 12501, at *4 (W.D. Wash. Jan. 22, 2021) (quoting *Cement Masons Health & Welfare Tr. Fund for N. Cal. v. Stone*, 197 F.3d 1003, 1006-07 (9th Cir. 1999), *cert. denied*, 534 U.S. 1104, 122 S. Ct. 902, 151 L. Ed. 2d 871 (2002)). That remedy is warranted here.

Under ERISA 502(a)(3), "a plaintiff could seek restitution in equity, ordinarily in the form of a constructive trust or an equitable lien…." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213, 122 S. Ct. 708, 714 (2002). "[T]he requirements for establishing an equitable lien by agreement and a constructive trust are essentially the same[.]" *Aetna Life Ins. Co. v. Young*, No. 2:23-cv-09654-MCS-JPR, 2024 U.S. Dist. LEXIS 231373, at *24 (C.D. Cal. Sep. 25, 2024) (citation omitted). There are three elements of an "equitable lien by agreement": (1) "a promise by the beneficiary to reimburse the fiduciary for benefits paid under the plan in the event of a recovery from a third party," (2) the identity of "a particular fund, distinct from the [beneficiary's] general assets, from which the fiduciary will be reimbursed," and (3) the "funds specifically identified by the fiduciary must be 'within the possession and control of the [beneficiary].'" *In re Unitedhealthcare*, No. SACV 19-2075 JVS (DFMx), 2023 U.S. Dist. LEXIS 62672, at *76 (C.D. Cal. Jan. 13, 2023) (quoting *Bilyeu v. Morgan Stanley Long Term Disability Plan*, 683 F.3d 1083, 1092-93 (9th Cir. 2012) (cleaned up)).

Here, Anthem has alleged that each member on whose behalf IHSS submitted medical claims to Anthem agreed in their plan documents to give Anthem the right to recover payments improperly made to providers like IHSS. *See* Counterclaim, ¶ 108 (discussing Anthem's right under each ERISA Plan to recover reimbursements made

-14-

for fraudulent claims).  IHSS has alleged that it obtained assignments from each of these Anthem members when it provided its services.  *See also* ECF No. 166 (Second Amended Complaint) ¶¶ 28-29.  Anthem made payments of $2,456,429.12 for these medical claims via Electronic Funds Transfer directly to IHSS's bank account or by checks sent to IHSS's payment address.  Reinhardt Decl. ¶¶ 6 and 8; *see also In re Unitedhealthcare*, 2023 U.S. Dist. LEXIS 62672 at *78 (holding that a plan seeking the return of the entirety of improperly paid benefits sufficiently identifies the fund sought for an equitable lien).  Accordingly, Anthem requests an order (a) executing an equitable lien and requiring that IHSS return to Anthem (on behalf of the ERISA Plans) the funds subject to this lien in the amounts of $2,456,429.12; or (b) requiring that the same funds be held in constructive trust and returned to Anthem (on behalf of the ERISA Plans).  *See* Reinhardt Decl. ¶ 6.

### 4.   *Attorney's Fees*

Under ERISA, the Court may exercise its discretion to award Anthem its attorney's fees incurred to rectify the effects of IHSS's improper billing practices.  29 U.S.C. § 1132(g)(1) ("In any action under this title … by a … fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party") (except for exclusions not applicable here); *see also Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) ("Under ERISA § 502(g), a district court has discretion to award reasonable attorney's fees.").  Anthem seeks $153,945.00 in attorney's fees, which are its reasonable fees for bringing this action.  *See* Watson Decl. ¶ 6.

### 5.   *Prejudgment Interest*

Anthem seeks prejudgment under several code provisions.  First, California Civil Code Section 3288 permits the Court to award prejudgment interest for Counts I-IV and VI, which are causes of action for "breach of an obligation not arising from contract" and fraud, running from "the date that property was lost."  *BladeRoom Grp. Ltd. v.*

-15-

REED SMITH LLP

*Emerson Elec. Co.*, 20 F.4th 1231, 1248 (9th Cir. 2021) (citing *Greater Westchester Homeowners Assn. v. City of Los Angeles*, 26 Cal. 3d 86, 103, 160 Cal. Rptr. 733, 603 P.2d 1329 (1979)).  "Since there is no relevant legislative act providing an alternative interest rate, the appropriate rate is the constitutional rate of 7%" and interest runs through the date of judgement.  *Chassin Holdings Corp. v. Formula VC Ltd.*, No. 15-cv-02294-EMC, 2017 U.S. Dist. LEXIS 2315, at *39 (N.D. Cal. Jan. 6, 2017) (citations omitted) (applying this interest rate in this manner under California Civil Code Section 3288 to a claim for fraud).

Second, California Civil Code Section 3336 permits the Court to award prejudgment interest for Count V, conversion, for which the resulting detriment is "[t]he value of the property at the time of the conversion, with the interest from that time." Cal. Civ. Code § 3336.  "Under California law, a prevailing plaintiff in a conversion action is entitled to prejudgment interest from the time of the taking to the judgment date" at a rate of seven percent.  *State Farm Mut. Auto. Ins. Co. v. Rodriguez (In re Rodriguez)*, 568 B.R. 328, 347 (Bankr. S.D. Cal. 2017) (citations omitted) (awarding a prejudgment interest of seven percent per year from the date of the conversion until the date of judgment).

Third, ERISA Section 502(A)(3) permits the Court to award prejudgment interest as equitable relief.  "Whether to award prejudgment interest to an ERISA plaintiff is 'a question of fairness, lying within the court's sound discretion, to be answered by balancing the equities.'" *Landwehr v. Dupree*, 72 F.3d 726, 739 (9th Cir. 1995) (citation omitted) ("Whether to award prejudgment interest to an ERISA plaintiff is 'a question of fairness, lying within the court's sound discretion, to be answered by balancing the equities.'").  "Among the factors to be considered in determining whether prejudgment interest should be awarded is the presence or absence of 'bad faith or ill will.'"  *Id*. "Generally, 'the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest unless the trial judge

-16-

REED SMITH LLP

finds, on substantial evidence, that the equities of that particular case require a different rate.'"  *Blankenship v. Liberty Life Assurance Co*., 486 F.3d 620, 628 (9th Cir. 2007) (citation omitted) (assessing the prejudgment interest rate that applies to a judgment under ERISA).  The balance of equities weighs in favor of awarding prejudgment interest for Anthem's ERISA claims because IHSS knowingly and willfully misrepresented information in medical claims it submitted to Anthem "to trick Anthem into allowing payment to IHSS for medical services for which IHSS was not entitled to payment."  *Id*., ¶¶ 84, 86.  Accordingly Anthem seeks prejudgment interest for its ERISA claims in accordance with 28 U.S.C. 1961, accruing until the date of judgment on the Counterclaim.

### 6.    *Post-Judgement Interest*

Anthem also seeks mandatory post-judgment interest in accordance with 28 U.S.C. § 1961.  *See Landstar Ranger, Inc. v. Parth Enters*., 725 F. Supp. 2d 916, 924 (C.D. Cal. 2010) (quoting *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995)) (observing that "post-judgment interest on a district court judgment is mandatory" and awarding post-judgment interest in a default judgment proceeding).  Post-judgment interest "applies to the entire judgment, including principal, pre-judgment interest, . . . and costs." *Id*.  The rate of post-judgment interest is calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  28 U.S.C. § 1961(a).  Anthem requests post-judgment interest in accordance with 28 U.S.C. 1961 accruing daily at the lawful rate until the judgment is satisfied in full.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Anthem requests that the Court grant its Motion for Entry of Default Judgment on its claim for fraudulent misrepresentation (Count I), negligent misrepresentation (Count II), business acts or practices in violation of Cal.

REED SMITH LLP

-17-

Bus.& Prof. Code § 17200 et seq. ("UCL") (Count III), tortious interference with contract (Count IV), conversion (Count V), common law unjust enrichment (Count VI), and restitution under ERISA § 502(A)(3) (Count VII).  Anthem further requests that the Court award compensatory damages (Relief I), equitable relief (Relief II), attorney's fees (Relief VIII), prejudgment and post-judgement interest (Relief IX).

DATED:  February 28, 2025                    REED SMITH LLP


By___/s/  Benjamin C. Watson_____
　　　Amir Shlesinger
　　　Lorenzo E. Gasparetti
　　　Benjamin C. Watson
　　　Attorneys for Defendants and
　　　Counterclaim Plaintiffs

COUNTERCLAIM PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

1       The undersigned, counsel of record for Anthem Blue Cross Life and Health
2 Insurance Company and Blue Cross of California dba Anthem Blue Cross certifies that
3 this brief contains 5,529 words, which complies with the word limit of L.R. 11-6.1.

4

5 DATED: February 28, 2025            REED SMITH LLP

6

7                        By    /s/

8                           Amir Shlesinger
9                           Lorenzo E. Gasparetti
10                           Benjamin C. Watson
                          Attorneys for Defendants and
11                           Counterclaim Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNTERCLAIM PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2025, I caused a true and correct copy of the foregoing document to be filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record in accordance with Local Rule 5-3.2.1.

By   /s/
Benjamin C. Watson

-20-

COUNTERCLAIM PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT