Amir Shlesinger (SBN 204132)
ashlesinger@reedsmith.com
Lorenzo E. Gasparetti (SBN 135976)
lgasparetti@reedsmith.com
Benjamin C. Watson (SBN 306379)
bwatson@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  213.457.8000
Facsimile:  213.457.8080

Attorneys for Counterclaim Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALO UNLIMITED, INC., a Nevada Corporation doing business as Infant Hearing Screening Specialists,<br><br>Plaintiff,<br><br>v.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, a California corporation; BLUE CROSS OF CALIFORNIA DBA ANTHEM BLUE CROSS, a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, a California corporation; BLUE CROSS OF CALIFORNIA DBA ANTHEM BLUE CROSS, a California corporation,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>HALO UNLIMITED, INC., a Nevada Corporation doing business as Infant Hearing Screening Specialists, and ROES 1 through 10, inclusive<br><br>Counterclaim Defendant. | Case No.: 8:20-cv-000399-JAK (KESx)<br><br>**COUNTERCLAIM PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Courtroom: 10C – Hon. John A. Kronstadt<br><br>Date:            April 28, 2025<br>Time:           8:30 a.m.<br>Counterclaim Filed:   Nov. 18, 2024<br><br>[Concurrently filed with Declarations of Carl Reinhardt and Creighton Long |

# **TABLE OF CONTENTS**

Page

I.   QUESTIONS PRESENTED ........................................................................... 1

II.  ANTHEM'S RESPONSE ............................................................................... 1

    A.   Background ........................................................................................... 1

    B.   Anthem's Cause of Action for Conversion ......................................... 2

    C.   Anthem's Damages for Self-Funded Claims ...................................... 3

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                   **Page(s)**

*Camp v. Ortega*,
    209 Cal. App. 2d 275 (1962) ............................................................................. 3

*Department of Industrial Relations v. UI Video Stores*,
    55 C.A.4th 1084, 1095 (1997) .......................................................................... 2

*Messerall v. Fulwider*,
    199 Cal. App. 3d 1324 (1988) .......................................................................... 2

*Penske Truck Leasing Co., L.P. v. I-10 Towing & Recovery, Inc.*,
    No. EDCV 18-2547 JGB (SPx), 2019 U.S. Dist. LEXIS 38787 (C.D. Cal. Mar. 11, 2019) ............................................................................................ 2

COUNTERCLAIM PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

Pursuant the Court's instruction and order (Dkt. 208), Counterclaim Plaintiffs Anthem Blue Cross Life and Health Insurance Company and Blue Cross of California dba Anthem Blue Cross, (collectively "Anthem") submit this supplemental brief to address questions the Court raised at a hearing on March 17, 2025, regarding Anthem's pending motion for default judgment against Counterclaim Defendant Halo Unlimited, Inc., dba Infant Hearing Screening Specialists ("IHSS") (Dkt. 202).

## I.     QUESTIONS PRESENTED

Anthem understands that the Court would like clarification of the factual basis for Anthem's conversion cause of action as to medical claims IHSS submitted to Anthem (and for which Anthem allowed payment) on behalf of patients who are members of self-funded health benefit plans for which Anthem serves as claims administrator. As part of this question, the Court also inquired whether the contractual relationships between Anthem and these self-funded plans obligates Anthem to refund self-funded plans when Anthem recovers amounts paid on behalf of the self-funded plans to a provider that submits fraudulent medical claims.

For purposes of allocating damages for all causes of action as to medical claims for members of these self-funded plans, the Court also inquired what portion of Anthem's damages pertains to self-funded plans.

## II.    ANTHEM'S RESPONSE

### A.    Background

Anthem serves as claims administrator for self-funded health benefit plans pursuant to Administrative Services Agreements ("ASAs") it enters into with the plan sponsor, generally an employer seeking benefits for employees. Declaration of Creighton Long ("Long Decl.") ¶ 4. These ASAs delegate to Anthem discretionary authority to ensure that medical claims submitted for plan members are accurate and payable under the terms of that plan. *Id.* These ASAs also authorize Anthem to allow payment on approved claims from funds that the sponsor/employer (and its employees)

contribute to the self-funded plan. *Id.* Depending on the terms of the ASA, Anthem must either authorize payment directly from assets Anthem holds for the self-funded plan or issue a payment for which the self-funded plan must reimburse Anthem. *Id.*

ASAs generally require Anthem to provide review and audit services to ensure accurate payment of the medical claims it approves on behalf of self-funded plans and identify any basis for recovery. *Id.* ¶ 5. These services include, but are not limited to, data mining and fraudulent activity investigations performed by Anthem's Special Investigation Unit. *Id.* If Anthem identifies a basis to recover inaccurate payments and successfully does so, Anthem must return the recovered payments to the self-funded health benefit plans, subject to a contractually-mandated fee to cover Anthem's services. *Id.*

### B. Anthem's Cause of Action for Conversion

To recover amounts Anthem paid on behalf of self-funded plans under a conversion theory, Anthem "need not 'be the absolute owner of the property converted but . . . must show that [it] was entitled to immediate possession at the time of conversion.'" *Penske Truck Leasing Co., L.P. v. I-10 Towing & Recovery, Inc.*, No. EDCV 18-2547 JGB (SPx), 2019 U.S. Dist. LEXIS 38787, at *7 (C.D. Cal. Mar. 11, 2019) (citation omitted); *see also Messerall v. Fulwider*, 199 Cal. App. 3d 1324, 1329 (1988) ("To mandate a conversion action 'it is not essential that plaintiff shall be the absolute owner of the property converted but she must show that she was *entitled to immediate possession at the time of conversion*.'") (citation omitted).

Anthem's obligation to the self-funded health benefit plans under the ASAs to return inaccurately paid amounts provides an immediate right to possess the amounts Anthem allowed as payment on IHSS's fraudulent claims. *See, e.g.*, *Department of Industrial Relations v. UI Video Stores*, 55 C.A.4th 1084, 1095 (1997) (holding that an entity with a "contractual right to collect on behalf" of another had a right to immediate possession of funds sufficient to maintain a conversion action against one who converts

REED SMITH LLP

those funds). Said another way, Anthem's role as claims administrator under the ASAs created a limited or qualified interest in the amounts it allowed as payment on IHSS's fraudulent claims that entitles it to maintain a conversion action to recover the amounts IHSS converted. *See id.* at 1096 ("A person without legal title to property may recover from a converter if the plaintiff is responsible to the true owner, such as in the case of a bailee or pledgee of the property."); *Camp v. Ortega*, 209 Cal. App. 2d 275, 286 (1962) (holding that a plaintiff with "a limited or qualified interest in the property may, as against a stranger who has no ownership therein, recover the full value of the property converted" because that plaintiff "is still liable over to the person owning the superior or remainder interest") (citations omitted).

### C. Anthem's Damages for Self-Funded Claims

Anthem seeks the same measure of damages for all causes of action the Court finds sufficiently alleged. The following breakdown of Anthem's damages calculation supplements the calculation in its Motion for Default Judgment by identifying amounts associated with members of self-funded benefit plans:

- From February 26, 2016 to January 25, 2023, Anthem paid $2,456,429.12 to IHSS for Improper Claims for members of plans identified in Anthem's claim data systems as ERISA plans, which includes $219,114.26 for claims with POS Code 11 (of which $93,986.13 pertains to members of self-funded plans), $2,145,601.23 for claims with POS CODE 15 (of which $2,031,981.23 pertains to members of self-funded plans), and $91,713.63 for claims with POS Code 22 (of which $33,546.30 pertains to members of self-funded plans).. *See* Declaration of Carl Reinhardt ¶ 6.

- From February 26, 2016 to January 25, 2023, Anthem paid $3,200,893.12 to IHSS for Improper Claims for members of plans identified in Anthem's claim

-3-

data systems as non-ERISA plans, which includes $345,941.52 for claims with POS Code 11 (of which $251,079.59 pertains to members of self-funded plans), $2,578,831.08 for claims with POS CODE 15 (of which $1,017,029.45 pertains to members of self-funded plans), and $276,120.52 for claims with POS Code 22 (of which $228,883,48 pertains to members of self-funded plans).  *See* Declaration of Carl Reinhardt ¶ 7.

DATED:  March 31, 2025                REED SMITH LLP

By /s/ Benjamin C. Watson
   Amir Shlesinger
   Lorenzo E. Gasparetti
   Benjamin C. Watson
   Attorneys for Counterclaim Plaintiffs

-4-

COUNTERCLAIM PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

The undersigned, counsel of record for Anthem Blue Cross Life and Health Insurance Company and Blue Cross of California dba Anthem Blue Cross certifies that this brief contains 990 words, which complies with the word limit of L.R. 11-6.1.

DATED: March 31, 2025     REED SMITH LLP

By /s/ Benjamin C. Watson
    Amir Shlesinger
    Lorenzo E. Gasparetti
    Benjamin C. Watson
    Attorneys for Counterclaim Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2025, I caused a true and correct copy of the foregoing document to be filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record in accordance with Local Rule 5-3.2.1.

By: /s/ Benjamin C. Watson<br>
Benjamin C. Watson